# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|                          |   |                        |
|--------------------------|---|------------------------|
|                          | : |                        |
| KIMAR FRASER,            | : |                        |
| Plaintiff,               | : | No. 3:20-cv-71 (SRU)   |
|                          | : |                        |
| v.                       | : |                        |
|                          | : |                        |
| NORBERTO CARIBE II,      | : |                        |
| Defendant.               | : |                        |
|                          | : |                        |

## INITIAL REVIEW ORDER

Kimar Fraser, currently confined at Cheshire Correctional Institution and proceeding *pro se*, filed the instant complaint under 42 U.S.C. § 1983 against Norberto Caribe II, a state judicial marshal. In his complaint, which was received by the court on January 15, 2020, Fraser claims that Caribe failed to protect him from assault by another inmate. Fraser alleges that he has exhausted his administrative remedies, and seeks damages from Caribe both in his individual and official capacities.

Under 28 U.S.C. § 1915A, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). In addition, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, and conclusory allegations will not suffice, *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009).  Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude afforded to *pro se* litigants).

I.    <u>Allegations</u>

On November 7, 2018, Fraser, who was then a pretrial detainee[1] placed in the general population, was transferred from Bridgeport Correctional Center to Bridgeport Superior Court for a scheduled court date.  Compl., Doc. No. 1, at ¶¶ 2, 3.  When he arrived at the courthouse, Fraser told Caribe that he did not feel safe because a designated security risk group member had threatened him, and requested that they not be placed together in the same holding cell.  *Id.* at ¶ 4.  Caribe asked Fraser to identify the prisoner to whom Fraser was referring, and Fraser identified the other prisoner as Ruggerio, an alleged member of the Aryan Brotherhood.  *Id.* at ¶¶ 5–7.

Caribe then told Fraser to "deal with it" and placed both Fraser and Ruggerio in the same holding cell, even though there were several vacant cells in which Fraser could have been placed.  *Id.* at ¶¶ 9, 10.  At 2:20 p.m., Ruggerio attacked Fraser, punching him in the head and face.  *Id.* at ¶¶ 11, 12.  Fraser continues to suffer from severe migraine headaches and post traumatic stress disorder as a result of the assault.  *Id.* at ¶ 14.

Fraser alleges that Ruggerio's designation included a "keep away" from general

---

[1] *Inmate Information*, Cᴛ Dᴇᴘ'ᴛ ᴏғ Cᴏʀʀ., ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=379979 (providing that Fraser was sentenced on June 28, 2019).

population prisoners, that the designation was listed on his mittimus, and that Caribe had "documented knowledge" of such designation. *Id.* at ¶ 8.

II. Analysis

Fraser contends that Caribe subjected him to cruel and unusual punishment by failing to protect him from the assault. *Id*. at 6. Because Fraser was a pretrial detainee at the time of the attack, his claim is governed by the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishment Clause of the Eighth Amendment. *See Darnell v. Piniero*, 849 F.3d 17, 29 (2d Cir. 2017) (internal citations omitted).

A. Fourteenth Amendment Failure to Protect Claim

To state a claim for deliberate indifference under the Fourteenth Amendment, Fraser must first show that "the conditions, either alone or in combination, pose[d] an unreasonable risk of serious damage to his health." *Id.* at 30 (internal citations omitted). Second, Fraser must prove the "mens rea prong"—"that [Caribe] acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though [Caribe] knew, or should have known, that condition imposed an excessive risk to health or safety." *Id.* at 35.[2] The mens rea requirement is therefore evaluated

---

[2] In *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472−73 (2015), the Supreme Court held that a pretrial detainee need only satisfy an objective standard to prevail on an excessive force claim—that is, a pretrial detainee "must show only that the force purposely or knowingly used against him was objectively unreasonable." Applying *Kingsley*, the Second Circuit in *Darnell v. Pinerio* held that the same objective analysis governs claims of deliberate indifference to conditions of confinement brought by pretrial detainees. 849 F.3d 17, 35−36 (2d Cir. 2017). Those claims include failure to protect claims. *See id*. at 33 n.9; *see also Hodge v. City of New York*, 2019 WL 1455170, at *2 (S.D.N.Y. Apr. 1, 2019) (applying *Darnell* to claim alleging deliberate indifference to risk of harm).

"from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Kingsley*, 135 S. Ct. at 2473.

In the present case, Fraser alleges that he informed Caribe that Ruggerio had threatened him, and that Caribe had knowledge of Ruggerio's designation to be kept away from general population prisoners. He further alleges that there were other open holding cells in which he could have been placed, that Caribe nonetheless placed them in the same holding cell as Ruggerio, and that Ruggerio physically attacked Fraser shortly thereafter. Those factual assertions are sufficient at this stage of litigation to plausibly allege that Caribe recklessly failed to act with reasonable care to guarantee Fraser's health and safety. I therefore conclude that Fraser has stated a cognizable failure to protect claim.

B.    Official Capacity Damages

Fraser seeks monetary and compensatory relief from Caribe in his individual capacity, and nominal and punitive damages from Caribe in his individual and official capacities. *See* Compl., Doc. No. 1, at 6.

The Eleventh Amendment bars claims for damages against state officials in their official capacities, unless the state has waived immunity or Congress has abrogated it. *Kentucky v. Graham*, 473 U.S. 159, 169 (1995) (internal citations omitted). Section 1983 did not abrogate state sovereign immunity, *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979), and Fraser has set forth no facts suggesting that Connecticut has waived immunity. Accordingly, all claims for damages against Caribe in his official capacity are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

For the foregoing reasons, all claims against for damages against Caribe in his official capacity are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). The case will proceed on the failure to protect claim against Caribe in his individual capacity.

The Court enters the following additional orders:

(1) **The Clerk shall** mail a waiver of service of process request packet to the defendant at the Connecticut Superior Court for Geographical Area 2 at Bridgeport, 172 Golden Hill Street, Bridgeport, CT 06604, within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth day after mailing. If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) **The Clerk shall** send Fraser a copy of this Order.

(3) **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General.

(4) The defendant shall file his response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claim recited above. He also may include all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need

not be filed with the court.

(6)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8)     If Fraser changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court.  Failure to do so can result in the dismissal of the case.  Fraser must give notice of a new address even if he is incarcerated.  Fraser should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If Fraser has more than one pending case, he should indicate all the case numbers in the notification of change of address.  Fraser should also notify the defendant or the attorney for the defendant of his new address.

(9)     Fraser shall utilize the Prisoner Efiling Program when filing documents with the court.  Fraser is advised that the Program may be used only to file documents with the court. Because local court rules provide that discovery requests are not filed with the court, discovery requests must be served on defendant's counsel by regular mail.

(10)    The Clerk shall immediately enter the District of Connecticut Standing Order Re: Initial Discovery Disclosures concerning cases initiated by self-represented inmates and shall send a copy to Fraser.

So ordered.

Dated at Bridgeport, Connecticut, this 11th day of February 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge