**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| KIMAR FRASER, | ) | 3:20-CV-00071 (SVN) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NOBERTO CARIBE, II and ANTONIO | ) | |
| SANTIAGO, | ) | December 16, 2022 |
| *Defendants*. | ) | |

## RULING AND ORDER ON DEFENDANT SANTIAGO'S MOTION TO DISMISS

Sarala V. Nagala, United States District Judge.

In this civil rights action, Plaintiff Kimar Fraser alleges that Defendants Norberto Caribe, II and Antonio Santiago failed to protect him from an assault by another prisoner while Plaintiff was in a holding area at a state courthouse in Bridgeport, Connecticut in November of 2018. Plaintiff's operative complaint consists of a single claim against both Defendants pursuant to 42 U.S.C. § 1983, alleging that, by recklessly disregarding an excessive risk to Plaintiff's health and safety, Defendants violated his due process rights under the Fourteenth Amendment to the U.S. Constitution.

In the motion presently pending before the Court, Defendant Santiago seeks to dismiss Plaintiff's claim against him, arguing that Plaintiff has failed to allege both that Santiago acted intentionally or recklessly in failing to protect Plaintiff and that Santiago was personally involved in any alleged constitutional violation. Santiago also contends that, even if Plaintiff has sufficiently alleged there was a constitutional violation in which he personally participated, Santiago is entitled to qualified immunity. Plaintiff argues that he has properly pleaded Santiago's personal involvement in a constitutional violation, and that Santiago has waived his qualified immunity defense by failing to timely raise it.

For the reasons described below, the Court agrees with Santiago that Plaintiff has failed to set forth sufficient factual allegations to state a claim that Santiago violated his constitutional rights. Santiago's motion to dismiss is therefore GRANTED with prejudice and without leave to amend. Because it grants Santiago's motion on other grounds, the Court does not reach the issue of whether Santiago is entitled to qualified immunity with respect to Plaintiff's claim.

## I.    FACTUAL BACKGROUND

The second amended complaint ("SAC"), ECF No. 87, sets forth the following allegations, which the Court accepts as true for purposes of Santiago's motion to dismiss, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At all times relevant to the SAC, Defendant Caribe was a Judicial Marshal for the Connecticut Judicial Marshal Services, SAC ¶ 6, and Defendant Santiago was the Director of Security for the Connecticut Department of Correction ("DOC"), *id.* ¶ 7.

On November 7, 2018, Plaintiff, who is African American and who was then a pretrial detainee placed in the general prison population, was transferred from Bridgeport Correctional Center to Bridgeport Superior Court for a scheduled court date. *Id.* ¶¶ 8–10. On the same day, a prisoner named Ralph Ruggiero[1] was also transported to Bridgeport Superior Court for a court visit. *Id.* ¶ 15. Plaintiff alleges that Ruggiero is a member of the Aryan Brotherhood and was designated as a Security Risk Group ("SRG") member by the DOC. *Id.* ¶ 16. According to Plaintiff, when the DOC transports an inmate to the care of the Judicial Branch, an "Inmate Overview Sheet" is sent with the inmate. *Id.* ¶ 11. The Inmate Overview Sheet provides, among other things, instructions concerning care and restrictions for the inmate. *Id.* ¶ 12. Plaintiff alleges

---

[1] Plaintiff's original complaint referred to Plaintiff's alleged assailant simply as "Ruggerio" and, as a result, the Court's previous orders in this action have referred to the alleged assailant in this manner. The SAC, by contrast, refers to Plaintiff's alleged assailant as "Ralph Ruggiero." Throughout this ruling, the Court uses the updated spelling of Ruggiero's name, as set forth in the SAC.

that Ruggiero's Inmate Overview Sheet provided his SRG member designation and required that he be kept away from other inmates who were not of the same classification. *Id.* ¶ 20.

When Plaintiff arrived at Bridgeport Superior Court, he told Caribe that he did not feel safe because Ruggiero had threatened him with physical violence. *Id.* ¶ 16. Plaintiff asked Caribe to ensure that Ruggiero would not be placed in the same holding cell as him. *Id.* ¶ 17. Upon Caribe's request, Plaintiff identified Ruggiero, and he then explained to Caribe that Ruggiero was a designated member of the Aryan Brotherhood. *Id.* ¶¶ 18–19. Nonetheless, after telling Plaintiff to "deal with it," Caribe placed Plaintiff, who is neither an SRG member nor affiliated with the Aryan Brotherhood, in the same holding cell as Ruggiero even though there were vacant cells in which Plaintiff could have been placed. *Id.* ¶¶ 21–22.

At approximately 2:20 p.m. on November 7, 2018, Ruggiero attacked Plaintiff, punching him in the head and face and attempting to remove Plaintiff's clothing. *Id.* ¶ 23. The assault ended when Judicial Marshals entered the cell and separated Plaintiff and Ruggiero. *Id.* ¶ 24. Plaintiff and Ruggiero were then taken to separate interview cells—spaces in which Plaintiff contends they initially could have been placed to prevent Ruggiero from attacking Plaintiff altogether. *Id.* ¶ 25. Plaintiff asserts that, as a result of Ruggiero's assault, he sustained injuries in the form of severe migraine headaches and post-traumatic stress disorder. *Id.* ¶¶ 27, 36.

Plaintiff's allegations against Santiago focus predominantly on DOC Administrative Directive ("AD") 6.14, which, in Plaintiff's words, requires the DOC Director of Security to "manage the movement" of SRG members and ensure that they are "kept separate from non-SRG members." *See id.* ¶ 13. Plaintiff claims that Santiago "bore oversight" over AD 6.14 and had a duty to ensure compliance with the directive. *Id.* ¶¶ 13, 30. Plaintiff further contends that, pursuant to AD 6.14, Santiago received prior notice of Ruggiero's November 7, 2018, movement to

Bridgeport Superior Court, and that Santiago knew of the substantial risk that Ruggiero, as a purported white supremacist SRG member, posed to inmates such as Plaintiff. *Id.* ¶¶ 29–30.

The SAC consists of a single claim under § 1983, asserted against both Defendants in their individual capacities only. Plaintiff contends that Defendants recklessly failed to act with reasonable care to mitigate the risk Ruggiero posed to him, in violation of the Due Process Clause of the Fourteenth Amendment. *See id.* ¶¶ 32, 34–35.

## II.     PROCEDURAL POSTURE

Plaintiff filed his original complaint in January of 2020,[2] ECF No. 1, and this case was previously set for trial beginning with jury selection on April 26, 2022. In March of 2022, Plaintiff moved to amend his complaint to join Santiago as a defendant. ECF No. 67. The Court then vacated the trial date, granted Plaintiff's motion to amend, and reopened discovery for a period of ninety days. ECF Nos. 81, 82. Plaintiff's first amended complaint thereafter became operative. ECF No. 83. Santiago responded to Plaintiff's first amended complaint by filing a motion to dismiss, ECF No. 86; during the pendency of the motion to dismiss, Plaintiff filed his SAC as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), *see* ECF Nos. 87, 88. Upon the filing of the SAC, Santiago withdrew his initial motion to dismiss and filed a revised motion to dismiss, which is the present motion, ECF No. 92.

## III.    LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 12(b)(6)

When determining whether a complaint states a claim upon which relief can be granted, highly detailed allegations are not required, but the complaint must "contain sufficient factual

---

[2] Although Plaintiff filed his original complaint *pro se*, the Court (Underhill, J.) appointed counsel to represent Plaintiff on November 24, 2020, *see* ECF No. 18, and Plaintiff has been represented by counsel since that date. Plaintiff's operative complaint, ECF No. 87, was submitted through counsel.

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility standard is not a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.* In undertaking this analysis, the Court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted).

The Court, however, is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do," *Iqbal*, 556 U.S. at 678. Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

B.   Failure to Protect Claims Under the Fourteenth Amendment

Prison officials "have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (cleaned up). The Due Process Clause of the Fourteenth Amendment—rather than the Cruel and Unusual Punishment Clause of the Eighth Amendment—governs claims of deliberate indifference, including failure to protect claims, brought by pretrial detainees. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017); *Haslinger v. Westchester Cnty.*, No. 7:18-CV-05619 (PMH), 2020 WL 2061540, at *7 (S.D.N.Y. Apr. 29,

2020). This is because pretrial detainees "have not been convicted of a crime and thus may not be punished in any manner—neither cruelly and unusually nor otherwise." *Darnell*, 849 F.3d at 29 (internal quotation marks omitted). A pretrial detainee's rights are "at least as great as the Eighth Amendment protections available to a convicted prisoner." *Id.* (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)).

A claim that a prison official has acted with deliberate indifference under the Fourteenth Amendment involves analysis of two prongs: (1) an objective prong, which requires a plaintiff to show that "the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process"; and (2) a subjective or "*mens rea*" prong, which requires a plaintiff to show that the defendant "acted with at least deliberate indifference to the challenged conditions." *Id.*[3] With respect to the first prong, the plaintiff must show that the conditions he experienced "either alone or in combination, pose[d] an unreasonable risk of serious damage to his health." *Darnell*, 849 F.3d at 30; *see Christian v. Saunders*, No. 17-CV-2587 (GBD) (BCM), 2018 WL 3300695, at *7 (S.D.N.Y. Feb. 28, 2018), *report and recommendation adopted sub nom. Christian v. Warden of O.B.C.C.*, No. 17-CIV-2587 (GBD) (BCM), 2018 WL 1441401 (S.D.N.Y. Mar. 22, 2018) (noting that, for the objective prong of a Fourteenth Amendment failure to protect claim, "the inmate must show that he is incarcerated under conditions *posing a substantial risk of serious harm*").

Although courts have discussed the second prong of a Fourteenth Amendment deliberate indifference claim as a "subjective" requirement, the Second Circuit has held that it "can be established by either a subjective or objective standard." *Charles v. Orange Cnty.*, 925 F.3d 73,

---

[3] Although *Darnell* dealt specifically with a Fourteenth Amendment challenge to a prisoner's conditions of confinement, "its holding applies with equal measure to failure to protect claims." *See Taylor v. City of New York*, No. 16 CIV. 7857 (NRB), 2018 WL 1737626, at *12 (S.D.N.Y. Mar. 27, 2018).

87 (2d Cir. 2019) (citing *Darnell*, 849 F.3d at 35).  Under this formulation of the second prong,

the Due Process Clause "can be violated when an official does not have subjective awareness that

the official's acts (or omissions) have subjected the pretrial detainee to a substantial risk of harm."

*Darnell*, 849 F.3d at 35.  In order to prove deliberate indifference for purposes of a Fourteenth

Amendment violation, however, the plaintiff must show that the defendant "acted intentionally to

impose the alleged condition," or "recklessly failed to act with reasonable care to mitigate the risk

that the condition posed to the pretrial detainee even though the defendant-official knew, or should

have known, that the condition posed an excessive risk to health or safety."  *Id.*  An official's

negligence is not enough; the detainee "must prove that an official acted intentionally or recklessly,

and not merely negligently."  *Id.* at 36.  The second prong is evaluated "from the perspective of a

reasonable officer on the scene, including what the officer knew at the time, not with the 20/20

vision of hindsight."  *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015).

## IV.    DISCUSSION

Santiago does not argue that Plaintiff has failed to allege that he experienced conditions

that were sufficiently serious to constitute a due process violation.  Instead, he argues that the Court

should dismiss Plaintiff's claim against him because the allegations of the SAC do not establish

that Santiago acted intentionally or recklessly in failing to protect Plaintiff, and because Plaintiff

fails to allege that Santiago was personally involved in any unconstitutional conduct, as required

by *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

The Court agrees that Plaintiff has failed to adequately allege that Santiago violated his

constitutional rights.  Plaintiff's claim is deficient because the SAC is devoid of factual allegations

indicating that Santiago either intentionally imposed unsafe conditions on Plaintiff or recklessly

failed to act with reasonable care to mitigate a risk to Plaintiff's health or safety.  Accordingly,

even assuming that Santiago's alleged failure to ensure compliance with AD 6.14 could be considered personal involvement in a constitutional violation, Plaintiff's Fourteenth Amendment claim against Santiago must fail.

As noted, Plaintiff's theory of liability against Santiago hinges on DOC Administrative Directive 6.14. AD 6.14 generally discusses the responsibility of the DOC Director of Security to designate individuals as SRG members and to manage their activities. *See* DOC AD 6.14 ¶ 4. Relevant here, paragraph 21 of AD 6.14, entitled "Movement," requires that the Director of Security be notified "prior to the movement" of any known SRG member. *Id.* ¶ 21. Paragraph 22 of AD 6.14, entitled "Movement outside the Facility," provides that "[f]or the purposes of court trips, medical appointments or other outside movement, an inmate designated as [an SRG member] shall not be permitted to be placed in any holding area with inmates that are not of the same classification." *Id.* ¶ 22. Plaintiff claims that, pursuant to the requirements of AD 6.14, Santiago had notice of Ruggiero's movement to Bridgeport Superior Court on November 7, 2018, and failed to ensure that Ruggiero was kept separate from Plaintiff during that trip.[4]

In analyzing Plaintiff's claim against Santiago, the Court will assume that Plaintiff has adequately alleged that the conditions he challenges were sufficiently serious to constitute an objective deprivation of his right to due process and that he has therefore adequately pleaded the first prong of his Fourteenth Amendment deliberate indifference claim. With respect to the second prong of Plaintiff's claim, however, the Court concludes that Plaintiff has not sufficiently alleged

---

[4] Santiago argues that Plaintiff mischaracterizes the meaning of AD 6.14. Specifically, Santiago contends that paragraph 21, which requires that the DOC Director of Security be notified prior to the movement of an SRG member, applies only to movement *within* DOC facilities, whereas paragraph 22, which governs movement *outside* DOC facilities, contains no notice requirement. Santiago asserts that, as a result, there is no reason to infer that he would have been notified about Ruggiero's movement to Bridgeport Superior Court on November 7, 2018. The Court need not reach the merits of this argument because, even if AD 6.14 provides that Santiago would have been notified of Ruggiero's movement to Bridgeport Superior Court, Plaintiff has failed to sufficiently allege that Santiago intentionally imposed or recklessly disregarded a risk to his health or safety.

that Santiago acted with deliberate indifference to his health or safety.  Plaintiff alleges, in summary fashion, that Santiago, as Director of Security for the DOC:  knew of the substantial risk that Ruggiero posed to Plaintiff; received actual notice of Ruggiero's transport to Bridgeport Superior Court prior to such movement; had a duty under AD 6.14 to ensure that Ruggiero was not placed in the same holding area as Plaintiff; and, by permitting Ruggiero to be placed with Plaintiff, "recklessly failed to act with reasonable care to mitigate" an excessive risk to Plaintiff's health and safety.[5]  SAC ¶¶ 13–15, 28–32.  These allegations fall short of stating a claim for deliberate indifference under the Fourteenth Amendment.

Initially, the allegation that Santiago "recklessly failed to act" is a legal conclusion that the Court is not bound to accept.  *See Faber*, 648 F.3d at 104.  To the extent Plaintiff makes *factual* allegations of recklessness, they are entirely conclusory.  Moreover, "culpable recklessness" is defined as "an act or a failure to act that evinces a conscious disregard of a substantial risk of serious harm."  *Charles*, 925 F.3d at 87 (internal punctuation omitted).  Here, because Plaintiff has not pleaded supporting facts to specify *how* Santiago acted recklessly, he fails to allege any such conscious disregard.  Importantly, Plaintiff does not allege any specific steps that Santiago should have taken but recklessly failed to take.  Plaintiff does not allege, for example, that Santiago was responsible for indicating Ruggiero's SRG status on his Inmate Overview Sheet but failed to do so.  Nor does Plaintiff allege that Santiago was otherwise responsible for informing the Judicial Marshals that Ruggiero was a risk to non-SRG members but consciously evaded this responsibility.  To the contrary, Plaintiff specifically alleges that Ruggiero's Inmate Overview Sheet stated that Ruggiero was an SRG member and required that he not be placed in a holding area with any non-SRG members, but Caribe failed to follow these instructions.  *Id.* ¶¶ 20, 33–34.

---

[5] Plaintiff does not contend that Santiago *intentionally* imposed unsafe conditions on him.

This suggests that the DOC accurately conveyed Ruggiero's SRG status in connection with his movement on the date in question, and does not support the proposition that Santiago evinced a conscious disregard for Plaintiff's safety. And, unlike Plaintiff's allegations against Caribe, Plaintiff does not contend that Santiago was present at the Bridgeport Superior Courthouse and deliberately (or recklessly) failed to heed Plaintiff's concerns about Ruggiero. Thus, even drawing all inferences in favor of Plaintiff, as the Court must, and assuming that AD 6.14 required Santiago to be notified of Ruggiero's movement, the factual allegations of the complaint do not demonstrate that Santiago acted with conscious disregard of the risk Ruggiero might pose to other inmates. Viewing the SAC as a whole, Plaintiff's factual allegations suggest, at most, that Santiago negligently failed to ensure that Plaintiff was kept separate from Ruggiero. Such allegations are insufficient to state a Fourteenth Amendment claim for deliberate indifference. *See Sanders v. City of New York*, No. 16 CIV. 7426 (PGG), 2018 WL 3117508, at *6 (S.D.N.Y. June 25, 2018) ("Allegations of 'mere negligence' do not suffice . . . ." (quoting *Darnell*, 849 F.3d at 36)).

Put simply, Plaintiff's theory of liability against Santiago amounts to allegations that Santiago bore some responsibility for keeping Ruggiero separate from Plaintiff and, because Ruggiero was not kept separate from Plaintiff, Santiago should be held liable. But Plaintiff cannot state a claim for deliberate indifference under the Fourteenth Amendment simply by alleging that, because he was not ultimately kept separate from Ruggiero, Santiago must have acted recklessly. Because the SAC fails to allege any actions Santiago took, or failed to take, that violated Plaintiff's Fourteenth Amendment rights, Plaintiff has failed to state a claim against him. *See Jean v. AMKC C95 Intake*, No. 18-CV-3294 (CM), 2018 WL 10408875, at *2 (S.D.N.Y. May 15, 2018) (dismissing Fourteenth Amendment failure to protect claim based on allegations that correctional

officers "disregarded" an assault by other inmates where the plaintiff failed to "describe any actions that correctional officials took, or failed to take, that violated his constitutional rights").

In light of this holding, the Court need not reach Santiago's arguments that Plaintiff has not alleged his personal involvement in a constitutional violation or that he is entitled to qualified immunity.

## V.     CONCLUSION

For the reasons described herein, Defendant Santiago's motion to dismiss is GRANTED pursuant to Federal Rule of Civil Procedure 12(b)(6).  Santiago is therefore dismissed from this action.  This dismissal is entered with prejudice and without leave to replead for two reasons.  First, Plaintiff has not requested leave to amend.  *See Trautenberg v. Paul, Weiss, Rifkind, Wharton & Garrison L.L.P.*, 351 F. App'x 472, 474 (2d Cir. 2009) (district court did not abuse its discretion in declining to grant leave to amend when such leave was not requested by the plaintiff) (collecting cases).   Second, Plaintiff has already had one opportunity to amend after being notified of Santiago's argument concerning the pleading of facts supporting recklessness.  Santiago raised the deficiency of Plaintiff's allegations of recklessness in his motion to dismiss the first amended complaint, *see* ECF No. 86-1 at 6, and Plaintiff responded by filing the SAC, which did not sufficiently remedy the pleading deficiency.   Given that Plaintiff has already been given an opportunity to amend his allegations, and has done so unsuccessfully, leave to amend is unwarranted.

The Court issues the following case management orders:

Defendant Caribe must file an answer to Plaintiff's SAC by **December 23, 2022**.

Discovery in this action will close on **January 31, 2023**.

11

By **February 7, 2023**, the parties shall file a joint status report confirming that discovery is complete and addressing the following: (1) whether any party intends to file a dispositive motion; (2) the parties' estimate of the length of the trial; and (3) whether the parties would like to engage in an additional settlement conference before a U.S. Magistrate Judge.

Any motion for summary judgment must be filed no later than **February 28, 2023**.

**SO ORDERED** at Hartford, Connecticut, this 16th day of December, 2022.

 _/s/ Sarala V. Nagala_
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE