UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMAR FRASER,<br>    *Plaintiff*, | )    3:20-CV-00071 (SVN)<br>)<br>) |
| v. | )<br>) |
| NOBERTO CARIBE, II,<br>    *Defendant*. | )<br>)    April 11, 2023 |

## RULING AND ORDER ON PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE PRIOR CONVICTIONS

Presently before the Court is Plaintiff's *motion in limine*, ECF No. 134, to preclude Defendant from introducing evidence at trial related to Plaintiff's prior convictions, his prison disciplinary history, and any unrelated grievances and claims he has filed. Defendant opposes the motion, noting that he intends to impeach Plaintiff's credibility at trial using only Plaintiff's four prior felony convictions and arguing that such impeachment should be allowed under Federal Rule of Evidence 609. The four felony convictions at issue are: (i) a 2013 felony conviction for animal cruelty; (ii) a 2019 felony conviction for possession with intent to sell a controlled substance; (iii) a 2019 felony conviction for criminal possession of a firearm; and (iv) a 2020 conviction for assault on a public safety official. For the reasons discussed below, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's motion.

A motion *in limine* generally means "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984). The Court will exclude evidence on a motion *in limine* only when it is clearly inadmissible on all potential grounds, and the Court may reserve a decision until trial to place the motion in the appropriate factual context before ruling on it. *See Ramos v. Trifone*, No. 3:11-CV-00679 (SALM), 2015 WL 6509114, at *5 (D. Conn. Oct. 28, 2015).

The Federal Rules of Evidence govern the admissibility of evidence at trial. Under Federal Rule of Evidence 609(a)(1)(A), in a civil case, evidence of a felony must be admitted for impeachment purposes, subject to Federal Rule of Evidence 403. If more than ten years have passed since the conviction or release from confinement for the conviction, whichever is later, however, evidence of the conviction is admissible only if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect, and if the adverse party has an opportunity to contest its use. Fed. R. Evid. 609(b).

Here, the parties agree that none of Plaintiff's four felony convictions at issue fall within the ambit of Rule 609(b); that is, all of the convictions, or Plaintiff's release from confinement on the convictions, have occurred within the last ten years (including the 2013 animal cruelty conviction). Therefore, under Rule 609(a)(1)(A), evidence of these felonies must be admitted unless Rule 403 would preclude their admission.

The Second Circuit has recognized that under Rule 609, there is a presumption that "the statutory name of each offense, the date of conviction, and the sentence imposed, are . . . to be admitted for impeachment purposes." *United States v. Estrada*, 430 F.3d 606, 615 (2d Cir. 2005). In order to determine whether the prejudice of admitting these past felony convictions substantially outweighs their probative value, courts in the Second Circuit examine: "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Anderson v. Scanlon*, No. 3:14-CV-00829 (VAB), 2017 WL 3974994, at *3 (D. Conn. Sept. 8, 2017) (citing *Stephen v. Hanley,* No. 03-CV-6226 (KAM) (LB), 2009 WL 1471180, at *4 (E.D.N.Y. May 21, 2009)).

Turning to the first factor, the impeachment value of the prior convictions, it is settled that "all felonies are at least somewhat probative of a witness's propensity to testify truthfully," but not all crimes are equally probative of a witness's veracity. *Estrada*, 430 F.3d at 617-18. Specifically, crimes of violence, such as assault, have been found to have very limited value in impeaching a witness. *See Estrada*, 430 F.3d at 618; *Anderson*, 2017 WL 3974994, at *3. Here, three of the convictions at issue shed almost no light on Plaintiff's propensity to tell the truth. The animal cruelty, assault, and possession of a firearm convictions deal with acts of violence, or potential violence, that have limited probative value as to a witness's credibility. *Anderson*, 2017 WL 3974994, at *3 (finding "assault, possession of narcotics, carrying a pistol without a permit, and violation of probation—do not have significant impeachment value"). Thus, the first factor counsels against admitting these convictions.

As for Plaintiff's conviction of possession with intent to distribute narcotics, the Second Circuit has noted that, "in terms of credibility, a conviction for sale of narcotics may fall somewhere between a conviction for narcotics smuggling and one for possession." *United States v. Hayes*, 553 F.2d 824, 828 n. 8 (2d Cir. 1977). Plaintiff's conviction is for possession with intent to distribute narcotics, rather than sale of narcotics, suggesting that it falls toward the lower end of the spectrum of probativeness for credibility. Therefore, while this crime is somewhat probative as to Plaintiff's truthfulness, it is not highly so. This factor thus counsels only slightly in favor of admitting evidence of this conviction.

Second, the remoteness in time of his convictions counsels in favor of excluding his conviction for animal cruelty, but in favor of admitting the remaining convictions. Specifically, "the probative value of a conviction decreases as its age increases." *Twitty v. Ashcroft*, No. 3:04-cv-410 (DFM), 2010 WL 1677757, at *2 (D. Conn. Apr. 23, 2010). As to the conviction for animal

cruelty, Plaintiff completed his sentence for that crime in April of 2016, seven years ago. While this is within the ten-year limitation on presumptive admissibility, it was still many years ago, such that its potential probative value is limited. *See Ramos*, 2015 WL 6509114, at *4 (holding convictions that took place more than four years ago to have diminished probative value). As to the remaining crimes, which occurred in 2019 and 2020, Plaintiff is currently serving his sentences on those convictions. While Plaintiff did not commit these offenses in the immediate past, he was convicted recently enough that the probative value is not as severely diminished, and this factor counsels in favor of admitting evidence of these crimes.

Third, the court examines the similarity of the past crimes and the issues in the current case. For this factor, "the less similar the pending case to the prior conviction, the less prejudicial its admission is." *Stephen*, 2009 WL 1471180 at *5. The present case involves a violent altercation that took place in a holding cell between Plaintiff and another inmate. While the Court has not been given the details of the animal cruelty conviction, it is possible that it involved violence to animals, and is almost certain to have involved some disregard for an animal's well-being. In any event, mention of an animal cruelty conviction is likely to invoke a negative emotional response in the jury about Plaintiff's character. Additionally, the crimes of assault and possession of a firearm both involve violence, or the threat of violence. Thus, as to these three crimes—animal cruelty, assault, and possession of a firearm—there is certainly a danger that the jury will assume Plaintiff is the type of person who engages in violence and, thus, was at least partly at fault for the fight that took place in the cell. Were the jury to draw this inference, it would be highly prejudicial to Plaintiff, as the jury may assume Plaintiff was at least partly at fault for instigating the altercation and, thus, the jury may be less likely to find that Defendant failed to protect Plaintiff and was deliberately indifferent to Plaintiff's health and safety. *See Twitty*, 2010 WL 1677757, at *2

(finding the third factor favored exclusion where "the jury is likely to draw the inference from the nature of the plaintiff's convictions that he has the propensity to engage in violent behavior"). Crucially, such a finding would be based on propensity—that Plaintiff is the type of person who gets in fights—and not based on the evidence presented at trial.  Thus, for the animal cruelty, assault, and possession of a firearm convictions, this factor weighs in favor of preclusion.

As to Plaintiff's conviction for possession with intent to distribute, the conduct at issue in that case is dissimilar enough from the conduct at issue in the instant case such that this factor weighs in favor of admission.  Specifically, there are no claims that this conviction had anything to do with violence, or any other conduct at issue here.  Therefore, there does not appear to be any connection between the past crime and present case such that the jury could draw any impermissible inferences about the type of person Plaintiff is.  As to this particular conviction, then, the third factor weighs in favor of admission.

Finally, the parties agree that Plaintiff's credibility in this dispute is crucial to his claims. Plaintiff will be the main witness for his case at trial, and whether the jury finds him to be credible will have a large impact on the outcome of the trial.  Therefore, the fourth factor clearly favors admission of the prior convictions.  *See Ramos*, 2015 WL 6509114, at *5 ("Here, it is undisputed that plaintiff's credibility is a central issue given that the alleged use of force occurred outside the view of cameras monitoring the recreation yard. Therefore, this factor weighs in favor of admitting the convictions for impeachment purposes pursuant to Rule 609."); *Twitty*, 2010 WL 1677757 at *3 ("It is undisputed that the plaintiff's credibility is a central issue in this case. Therefore, this factor weighs in favor of admitting the convictions for impeachment purposes pursuant to Rule 609.").

Based on all of the above considerations, the Court finds that the probative value of the mere facts that Plaintiff has four prior felony convictions, the dates of those convictions, and the sentences imposed for those convictions, is not substantially outweighed by the risk of unfair prejudice to Plaintiff. *See Estrada*, 430 F.3d at 615. The court further finds, however, that the potential prejudice of disclosing the names and nature of three of the convictions—those for animal cruelty, criminal possession of a firearm, and assault on a public official—substantially outweighs the probative value of such information. Thus, as courts in this circuit have regularly done, cross-examination of Plaintiff will be limited with respect to those three convictions to the facts that Plaintiff sustained the three felony convictions, the date of those convictions, and the sentences received. *See Ramos*, 2015 WL 6509114, at \*5; *Twitty,* 2010 WL 1677757, at \*3 (collecting cases). Any cross-examination regarding the names or nature of those offenses is prohibited.

As to the possession with intent to distribute narcotics conviction, the question is a much closer one. While the Court believes the balance of the above factors alone weighs slightly in favor of admission of this conviction for impeachment, the Court is concerned that, if Defendant is permitted to cross-examine Plaintiff by using the name of the possession with intent to distribute narcotics conviction, but not the names of the other three convictions, there is a likelihood of serious confusion for the jury. The jury would be left to speculate as to why they were not given the names of the remaining convictions, and what the remaining convictions are. This speculation would likely prejudice Plaintiff. Taking this further concern into account, the Court believes the risk of unfair prejudice under Rule 403 substantially outweighs the probative value of admitting the name of this conviction as well. Therefore, any cross examination regarding the name or nature of this offense is also prohibited.

For these reasons, Plaintiff's motion *in limine* to exclude evidence of his prior criminal history, prison disciplinary history, and grievances and litigation is GRANTED IN PART AND DENIED IN PART.[1]

**SO ORDERED** at Hartford, Connecticut, this 11th day of April, 2023.

                                            /s/ *Sarala V. Nagala*
                                            SARALA V. NAGALA
                                            UNITED STATES DISTRICT JUDGE

---

[1] Defendant has reserved the right to use other prior history to impeach Plaintiff to the extent he "opens the door" to such evidence. ECF No. 139 at 9. Plaintiff generally conceded that such evidence would be appropriate in that circumstance. ECF No. 144 at 6. Plaintiff has, however, requested that evidence regarding his prior lawsuits be precluded in any circumstance, under Rule 403. As this disagreement arises in the context of a situation where Plaintiff's conduct at trial has opened the door for further cross-examination and introduction of evidence, the Court is not able to determine at this time whether such evidence will be admissible. Thus, the Court makes no decision on this issue at this time and either party is free to raise it at trial to the extent that is necessary.